**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

IN RE:

**JOSHUA THOMAS FLETCHER**                                                    **CASE NO. 10-53109**

**DEBTOR**

**MEMORANDUM OPINION AND ORDER**

The issue before the Court is whether the Debtor's Chapter 7 bankruptcy should be dismissed pursuant to 11 U.S.C. §707(b)(3)(B) for abuse. Where the Debtor did not file bankruptcy based on unforeseeable or catastrophic events, has a stable and relatively high income that includes an ability to eventually fund a Chapter 13 plan with money currently used to make 401(k) loan repayments, and thus has the ability to repay his creditors through a Chapter 13 plan, the Debtor's case should be dismissed pursuant to §707(b)(3)(B) because the totality of the circumstances of the Debtor's financial situation demonstrates abuse.

**Facts**

The following facts are undisputed. The Debtor filed for Chapter 7 relief on September 29, 2010. He listed no secured debt and $103,291.59 in total unsecured debt. The Debtor's debts are primarily consumer debts.

The Debtor further listed his monthly gross income, including overtime pay, on Schedule I as $5,202.53 per month. This amount is reduced by a payroll deduction that includes a 401(k) contribution and 401(k) loan repayment in the total amount of $1,485.96. The Debtor's 401(k) loan was borrowed on July 24, 2008 in the amount of $22,715.55 and is scheduled to be repaid on August 21, 2013. The loan payment amount is $356.61 every two weeks. With the payroll deduction in the amount of $1,485.97, the Debtor is left with a combined average monthly

1

income of $2,741.71.  The Debtor listed average monthly expenses on Schedule J as $2,775.00, leaving the Debtor negative disposable income in the amount of -$33.29.

The Debtor's case was dismissed on October 18, 2010, but the dismissal was set aside on November 15, 2010.  On November 18, 2010, the United States Trustee filed a statement that the case was presumptively abusive pursuant to 11 U.S.C. §704(b).

On December 16, 2010, the United States Trustee filed a Motion to Dismiss the Debtor's case for abuse.  The United States Trustee brought the motion based on two grounds.  First, the United States Trustee argues that the Debtor's current monthly income reduced by allowed deductions and multiplied by sixty, exceeds $11,725 and the case should be dismissed pursuant to §707(b)(2).  The United States Trustee also argues the case should be dismissed because the totality of the circumstances of the Debtor's financial situation demonstrates abuse pursuant to §707(b)(3)(B).

The United States Trustee and the Debtor resolved the United States Trustee's Motion to Dismiss pursuant to §707(b)(2) by the filing of an amended means test by the Debtor, which included information inadvertently not included in the original means test.  Unable to resolve the United States Trustee's Motion to Dismiss pursuant to §707(b)(3)(B), the parties have stipulated that there are no disputed issues of fact, filed briefs on the issue of abuse pursuant to §707(b)(3)(B), and submitted the matter in lieu of an evidentiary hearing for the Court's determination.

## Discussion

Section 707(b)(3) provides that it is "an abuse of the provisions of this chapter" if (a) a Debtor filed the petition in bad faith or (b) the totality of the circumstances of the Debtor's financial situation demonstrates abuse.  11 U.S.C. §707(b)(3).  The United States Trustee makes no allegations that the Debtor filed his petition in bad faith but rather seeks dismissal of

the Debtor's Chapter 7 bankruptcy because the totality of the circumstances constitute "abuse" within the meaning of §707(b)(3)(B).

In the Sixth Circuit, abuse may be predicated on either lack of honesty or want of need. The facts relevant to determining whether a debtor is "needy" include a debtor's ability to repay his debts out of future earnings. This factor alone may be sufficient to warrant dismissal. *See Behlke v. Eisen (In re Behlke)*, 358 F.3d 429, 434 (6th Cir. 2004) (*citing In re Krohn*, 886 F.2d 123 (6th Cir. 1989)). The United States Trustee has the burden of proof by a preponderance of the evidence. *In re Summer*, 255 B.R. 555, 563 (Bankr. S.D. Ohio 2000).

One way to determine an ability to pay is to evaluate whether there is sufficient disposable income to fund a Chapter 13 plan. *In re Behlke*, 358 F.3d at 435. This is the crux of the United States Trustee's argument for dismissal of the Debtor's case. The United States Trustee argues that the Debtor's 401(k) contributions and the amount used to pay the Debtor's 401(k) loan repayments could be committed to fund a Chapter 13 plan. According to the United States Trustee, if the Debtor ceased contributing to his 401(k) plan and quit paying the 401(k) loan repayments, the Debtor will have a negative tax effect of approximately $564.66 per month for suspension of these payments, but would have approximately $900 remaining each month to repay creditors.

The Sixth Circuit in *Behlke* held under the pre-BAPCPA version of §707(b)[1] that a debtor's voluntary 401(k) contribution "was not reasonably necessary to the maintenance and support of the debtors or their dependents" such that it may be considered as disposable income when analyzing whether a debtor has sufficient income to fund a Chapter 13 plan as part of the totality of the circumstances analysis of §707(b). *Id.* Thus, the court in *Behlke* held

---

[1] 11 U.S.C. §707(b)(3) was modified by the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"). The modification made a showing of bad faith unnecessary to prevail under §707(b)(3) and lowered the standard from a showing of "substantial abuse" to "abuse." Despite these modifications, the pre-BAPCPA cases remain instructive to this Court.

that the bankruptcy court did not err in dismissing the case of a debtor who did not file bankruptcy following a catastrophic event, has a stable income and the potential to reduce expenses without depriving himself of necessities, and has an ability to fund a Chapter 13 plan with a 401(k) contribution in order to pay a dividend between 14% and 23% to unsecured creditors. *Id.* at 437-438.

Similarly, 401(k) loan repayments have been treated like 401(k) contributions and also considered as disposable income in the context of determining abuse under the totality of the circumstances test pursuant to §707(b)(3). *See In re Pandl*, 407 B.R. 299, 302 (Bankr. S.D. Ohio 2009); *In re Felske*, 385 B.R. 649, 658 (Bankr. N.D. Ohio 2008). Both bankruptcy courts in the Southern and Northern Districts of Ohio addressed the fact that 401(k) payments are not considered disposable income in Chapter 13 plans pursuant to §1322(f) post-BAPCPA, but recognized that §1322(f) is limited in its applicability to a debtor who has filed a Chapter 13 and has no application to a debtor who files a Chapter 7.

The Debtor, while taking no issue with the case law cited herein, argues that he is in a predicament that distinguishes his situation from that of the debtors in *Pandl* and *Felske*, as well as justifies this Court deviating from the law as set forth by Sixth Circuit. The Debtor argues that he is being forced into a Chapter 13 plan with negative disposable income, causing him to propose a Chapter 13 plan that has essentially zero being paid into it until the 401(k) loan is repaid in August of 2013. The Debtor further asks for guidance by setting forth "objective criteria" that would guide debtors and their attorneys in this circumstance and would not result in penalizing the debtor for attempting to seek the most relief he is entitled to under Federal law.

The Debtor is referring to the changes brought by BAPCPA to the treatment of 401(k) contributions in terms of a Chapter 13 plan. BAPCPA amended §541 to add subsection (b)(7) which allows debtors to shelter contributions to their 401(k) from property of the estate up to the permitted limit of the employee benefit plan. *See* 11 U.S.C. §541(b)(7); *Burden v. Seafort* (*In re*

4

*Seafort)*, 437 B.R. 204 (6th Cir. B.A.P. 2010) (*citing In re Nowlin*, 366 B.R. 670, 676 (Bankr. S.D. Tex. 2007)). In addition, BAPCPA added subsection (f) to 11 U.S.C. §1322 which prohibits a Chapter 13 plan from altering the terms of a 401(k) loan and excludes "any amounts" used to repay 401(k) loans from the calculation of a debtor's "disposable income." *See* 11 U.S.C. §1322(f). Thus, the Debtor complains that realistically, if he is forced to convert to a Chapter 13, there will be no funds to direct to a Chapter 13 plan because of these post-BAPCPA exemptions.

But the Sixth Circuit B.A.P. has recently held that income that becomes available after a 401(k) loan repayment is satisfied post-petition may be considered "disposable income" for purposes of funding a Chapter 13 plan. *In re Seafort*, 437 B.R. at 210. Thus, although *Seafort* is currently on appeal to the Sixth Circuit, the current state of the law in this Circuit is that the Debtor's 401(k) loan repayments may be considered "disposable income" once the 401(k) loan is satisfied in August of 2013.

The Northern District of Ohio has addressed the disparate treatment of 401(k) contributions and 401(k) loan repayments in *Eisen v. Thompson*, 370 B.R. 762 (N.D. Ohio 2007) and held that it makes sense to include 401(k) payments as disposable income in the §707(b)(3) analysis because such payments are finite and Chapter 13 proceedings are prospective: "Because a 401(k) loan might be paid off within the commitment period of a Chapter 13 case, the Trustee would have the ability to direct newly available funds to creditors." *Id.* at 777.

As mentioned above, the courts in *Pandl* and *Felske* reached similar conclusions. *In re Pandl*, 407 B.R. 299, 302 (Bankr. S.D. Ohio 2009); *In re Felske*, 385 B.R. 649, 658 (Bankr. N.D. Ohio 2008). Furthermore, while at least one bankruptcy court in the Southern District of Ohio has disagreed with the analysis of the district court in *Eisen*, arguing instead that the court must take a realistic and objective view of what funds will actually be available to fund a Chapter 13

5

plan under the post-BAPCPA modifications, the court still concluded that dismissal under

§707(b)(3)(B) is proper where a debtor is able to fund a Chapter 13 plan with money used to

pay a 401(k) loan repayment that expires during the course of a plan.  *See In re Phillips*, 417

B.R. 30, 44 (Bankr. S.D. Ohio 2009).  There the debtor, who enjoyed a relatively high and stable

income, had two 401(k) loans that were to be paid off within seven months and thirty-six

months, respectively, allowing the debtor to pay a divided of roughly 30% on unsecured claims

over the life of a five year plan.  *Id.*  The court concluded this was a meaningful distribution to

creditors, even with the reduction of fees paid to the Chapter 13 trustee and an attorney.  *Id.*

That is exactly the case herein.  Once the loan expires in August of 2013, the Debtor will

be able to contribute the almost $700 a month he is paying towards the 401(k) loan repayment

to a Chapter 13 plan, which could result in payment to his creditors of an approximate 24%

dividend over a course of three years.  This is certainly a meaningful distribution to the Debtor's

unsecured creditors.

While the Court recognizes the Debtor's predicament in that the Debtor must initially pay

zero into a Chapter 13 plan if forced to convert to a Chapter 13 plan, this Court cannot ignore

the plain language of the Bankruptcy Code or the clear precedent set by the Sixth Circuit in

*Behlke* and the Sixth Circuit B.A.P. in *Seafort*.  The Debtor has not claimed he filed for

bankruptcy relief because of unforeseen or catastrophic events.  The Debtor's petition shows

that he has stable employment as a project leader with a relatively high gross monthly income of

$5,202.53; the Debtor therefore has an ability to repay his creditors from future earnings.

Moreover, considering the fact that the 401(k) loan will be repaid in August 2013, thus enabling

the Debtor to contribute an additional $700 per month to pay his unsecured creditors, the Debtor

has money available to fund a Chapter 13 plan.  From the standpoint of the §707(b)(3)(B)

analysis, the Debtor is not "needy" and the totality of the circumstances of the Debtor's financial

circumstances warrant a finding of "abuse."

While this determination certainly puts the Debtor between the proverbial rock and a hard place, there is no constitutional right to a bankruptcy discharge. *In re Krohn*, 886 F.2d 123, 127 (6th Cir. 1989) (holding that a §707(b) dismissal is not foreclosed by a debtor's inability to seek other relief under the Bankruptcy Code). The Debtor has disposable income to fund a Chapter 13 plan, even if he is unable to fund that plan until August of 2013; while the Debtor may want to seek the most relief he is entitled to under the Bankruptcy Code, he still must do so in its framework despite any inconsistencies and unfairness he may perceive.

## Conclusion

Based on the foregoing, the United States Trustee's Motion to Dismiss is GRANTED in the event that the Debtor fails to convert his case to a case under Chapter 13 within 21 days of the date of entry of this Order.

Copies To:

Rachelle Dodson, Esq.

Kevan Morgan, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Joseph M. Scott, Jr.*
**Bankruptcy Judge**
**Dated: Thursday, November 10, 2011**
**(jms)**